UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRBIN FRANCISCO AGUILAR PEREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MESA VERDE DETENTION CENTER,<br><br>Respondents. | No.  1:26-cv-00633 DC SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner, a citizen of El Salvador, was released by ICE on June 29, 2024, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  ECF No. 8-1 at 2.  While on release, petitioner did not commit any crimes.  <u>Id.</u> at 3.  ICE re-detained petitioner on September 19, 2025, based on alleged violations of the Intensive Supervision Appearance Program (ISAP) that are not specified in the record.  <u>Id.</u>  It is undisputed that an Immigration Judge ("IJ") subsequently denied petitioner's request for a bond hearing on jurisdictional grounds.  ECF No. 1 at 5.

Considering all of these factors, and consistent with the court's ruling in <u>D. L.C. v. Wofford</u>, No. 1:25-cv-1996 DC JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention.  The undersigned is unpersuaded by the argument in respondent's untimely

1

response[1] that petitioner did not acquire a liberty interest upon his release and rejects respondents' reliance on DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020), and its progeny for the same reasons articulated in Kartashyan v. Warden of the Golden State Annex Det. Facility, No. 1:25-cv-1526 DC SCR, 2025 WL 3771343, at *8 (E.D. Cal. Dec. 31, 2025), report and recommendation adopted, No. 1:25-cv-1526 DC SCR (HC), 2026 WL 95520 (E.D. Cal. Jan. 13, 2026).  Moreover, the undersigned declines to resolve the statutory basis for petitioner's current detention, as the due process analysis would be the same whether petitioner was detained under 8 U.S.C. § 1225(b) or § 1226(a) at the time of his release.  See D. L.C., 2026 WL 25511, at *4.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on its sole count (Violation of the Due Process Clause of the Fifth Amendment).

2.      Respondent be ordered to release petitioner from custody immediately under the terms of supervision in place at the time of his detention.

3.      Respondent be ordered to file a notice of compliance within three (3) days of any order adopting these findings and recommendations.

4.       If the government seeks to re-detain petitioner, it be ordered to provide no less than seven (7) days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.

5.      Respondent be ordered to return all of petitioner's documents and possessions if petitioner is granted release on bond.

6.      Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with

---

[1]  Respondent filed the response roughly twelve days past the deadline set in the undersigned's scheduling order due to "an internal assignment error."  ECF No. 8 at 1.

2

the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 26, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3