UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRBIN FRANCSCIO AGUILAR PEREZ,

Petitioner,

v.

WARDEN MESA VERDE DETENTION CENTER,

Respondent.

No.  1:26-cv-00633-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF No. 10)

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 26, 2026, the magistrate judge filed findings and recommendations which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 10.  Respondent filed objections, merely stating that Respondent objects "[f]or the reasons set forth in Respondent's previous briefing."  ECF No. 11.  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation

1

bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED in full.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is granted on its sole count (Violation of the Due Process Clause of the Fifth Amendment).

3. Respondent shall release Petitioner from custody immediately under the terms of supervision in place at the time of his detention.

4. Respondent shall file a notice of compliance within three (3) days of this order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

6. Respondent shall return all of petitioner's documents and possessions upon release.

/////

/////

2

7.    The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.


IT IS SO ORDERED.

Dated:    **March 5, 2026**

_____
Dena Coggins
United States District Judge

3